IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE TOWLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-CV-204-RAH |
| | ) | [WO] |
| EASTERN ACCOUNT SYSTEM OF | ) | |
| CONNECTICUT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on Plaintiff Willie Towles's Motion for Default Judgment against Defendant Eastern Account System of Connecticut, Inc. (EASC). For the following reasons, Towles's motion is due to be GRANTED and a judgment entered against EASC in the amount of **$10,014.80**.

## I. PROCEDURAL BACKGROUND

On April 27, 2022, Towles filed this civil action against EASC, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq*. Towles's Complaint alleges EASC violated the FDCPA in connection with collecting a debt by furnishing inaccurate information to a consumer reporting agency. Specifically, Towles contends that EASC is erroneously reporting a WOW Cable account as disputed on his TransUnion credit report when he previously had contacted EASC in November 2021 through counsel and instructed EASC to remove

1

the designation that the debt was disputed.  He claims that this false reporting is impacting his ability to obtain and refinance a mortgage and that he has suffered from anxiety, embarrassment, humiliation, and stress from EASC's actions.  Due to EASC's alleged violations of 15 U.S.C. § 1692e, Towles claims he is entitled to actual damages, statutory damages in the amount of $1,000, and his reasonable attorney's fees and costs.

When EASC failed to file a timely answer, Towles filed a Request for Entry of Clerk's Default pursuant to Fed. R. Civ. P. 55(a).  (Doc. 6.)  In the proof of service referenced in the motion, the process server declared that on June 29, 2022, she served the summons and complaint on EASC's registered agent for service in Alabama, CT Corporation.  (Doc. 6.)  The Clerk of Court granted the entry of default against EASC on August 28, 2022, and Towles later filed a Motion for Default Judgment against EASC.  (Docs. 10, 13.)  On December 1, 2022, Towles supplemented his motion with additional evidence concerning his damages.  (Doc. 17.)  To date, EASC has failed to respond in any form to the Complaint or Towles's motion.

## II.  DISCUSSION

### A.  Jurisdiction and Service

For a default judgment to be valid, the court must have personal and subject matter jurisdiction over the defendant.  *Rash v. Rash*, 173 F.3d 1376, 1380–81 (11th

Cir. 1999). Thus, "[w]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (internal citation omitted); *see also Osborn v. Whites & Assocs. Inc.*, No. 120CV02528TWTAJB, 2021 WL 3493164, at *2 (N.D. Ga. May 20, 2021).  In this action, the Court clearly has subject matter jurisdiction over Towles's FDCPA claim because it is a federal claim. 15 U.S.C. § 1692k(d); 28 U.S.C. § 1331.

The Court also must determine whether it retains personal jurisdiction over EASC.  *See Sys. Pipe*, 242 F.3d at 324 (finding no error when district court inquired into personal jurisdiction over parties *sua sponte* before rendering entry of default judgment).   "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."  *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (internal citation omitted).  A federal court's exercise of personal jurisdiction over a defendant requires (1) a finding that the procedural requirements of service of summons have been met and (2) a determination of whether the relationship between the defendant and the forum is constitutionally sufficient. *Brink's Mat Ltd. v. Diamond*, 906 F.2d 1519, 1521 (11th Cir. 1990).

Here, Towles served the summons and complaint on the CT Corporation, which is EASC's registered agent for service in Alabama. This is sufficient service upon EASC under Fed. R. Civ. P. 4(h)(1)(B).

The relationship between EASC and the forum state must also be constitutionally sufficient to establish personal jurisdiction. *See Brink's Mat*., 906 F.2d at 1521. The due process clause of the Fourteenth Amendment requires that the defendant have certain "minimum contacts" with the forum state, such that the maintenance of this suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008). A court may exercise specific jurisdiction over a defendant when a claim arises from or relates to conduct purposely directed at a forum state, or a court may exercise general jurisdiction over a defendant when the defendant has maintained systematic and continuous contacts with the forum state. *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc*., 786 F.2d 1055, 1057 (11th Cir. 1986).

When determining whether to exercise specific jurisdiction over a defendant, a court must find that the defendant's contacts with the forum relate to the underlying cause of action or the facts giving rise to it, "involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws," and are such "that the

defendant should reasonably anticipate being [hailed] into court in the forum." *Bank of Am. v. Patel*, 764 F. Supp. 2d 1285, 1289 (M.D. Ala. 2010) (citing *Vermeulen v. Renault, U.S.A., Inc.,* 985 F.2d 1534, 1546 (11th Cir. 1993)).  Jurisdiction does not necessarily require that a defendant physically enter the state, as "it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

The Court finds that EASC's contacts with Alabama warrant the exercise of specific jurisdiction over EASC.  In his Complaint, Towles, an Alabama resident, alleges that EASC is a debt collector, has reported to credit bureau TransUnion inaccurate information concerning a consumer cable debt owed by Towles to WOW Cable, has refused to remove or investigate and correct the inaccurate information, and has continued to furnish the disputed information to a consumer reporting agency.  These actions show direct contact with an Alabama resident and his debt and purposeful availment of Alabama's laws through engaging in debt collection in the state.  Furthermore, by refusing to remove the erroneous information from Towles's credit despite being informed of the error, EASC allegedly (1) engaged in conduct the natural consequence of which was to embarrass, annoy, and humiliate Towles in connection with the collection of a debt, and (2) engaged in false, deceptive, or misleading representations in connection with the collection of this

debt by reporting credit information which EASC knew or should have known to be false.  The Court also notes that EASC maintains a registered agent in Alabama.  These actions show that EASC should reasonably anticipate being summoned to court in the state.

The facts alleged in the Complaint and those discussed *supra* establish that EASC purposefully availed itself of the privilege of conducting activities in Alabama and there is a sufficient nexus between those contacts and this litigation.  Because this showing has been made, the "defendant must make a 'compelling case' that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice."  *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc*., 593 F.3d 1249, 1267 (11th Cir. 2010) (citing *Burger King*, 471 U.S. at 477; *Cable/Home Commc'n Corp. v. Network Prods., Inc*., 902 F.2d 829, 858–59 (11th Cir. 1990)).  Given the fact that EASC has not responded in any way to this lawsuit, it is apparent that EASC has not offered any compelling reasons for finding that personal jurisdiction in Alabama would be unreasonable.  For all these reasons, the Court finds that the exercise of personal jurisdiction comports with due process requirements.

## B.  Default Judgment Legal Standard

The entry of a default judgment is appropriate when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and

that fact is made to appear by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  A party's failure to appear and the clerk's subsequent entry of default does not in itself warrant the court's entry of a default judgment. A default judgment may only be entered "when there is 'a sufficient basis in the pleadings for the judgment entered'"—that is, whether it could "survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). In deciding whether the allegations in the complaint are well pleaded, the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted). Instead, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  A defaulted defendant is deemed to admit "the plaintiff's well-pleaded allegations of fact," but not facts that are not well-pleaded or conclusions of law.  *Nishimatsu*, 515 F.2d at 1206.  Once a court finds entry of default judgment appropriate, it may then determine the amount and character of recovery that should be awarded.  *See Virgin Recs. Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 (S.D. Ala. 2007).

## C.  Towles's Claims

"The FDCPA does not ordinarily require proof of intentional violation and, as

a result, is described by some as a strict liability statute." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) (citing 15 U.S.C. §1692k; *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010)). "[A] single violation of the statute is sufficient to establish civil liability." *Edwards v. Niagara Credit Sols., Inc.*, 586 F.Supp.2d 1346, 1357 (M.D. Ga. 2008). Towles has asserted several apparently viable violations of the FDCPA—in particular, violations of 15 U.S.C. § 1692e. However, the available statutory damages cannot exceed $1,000 per lawsuit, "regardless of how many times a defendant violates the FDCPA." *Bishop v. I.C. Sys., Inc.*, 713 F.Supp.2d 1361, 1368 (M.D. Fla. 2010) (citing 15 U.S.C. § 1692k(a); *Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992)).

To prevail on an FDCPA claim, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1243 (M.D. Fla. 2019) (internal quotation and citations omitted).[1] Towles is able to satisfy the first and second elements because the Complaint's allegations and Towles's declarations establish that EASC is a business

---

[1] The FDCPA defines a debt collector in relevant part as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

who regularly operates as a third-party debt collector, is a "debt collector" as defined by the FDCPA, reported to credit bureau TransUnion that Towles owed a consumer debt, and despite Towles's notification of an error, continues to report the debt as disputed.  While claims concerning communications between debt collectors and credit bureaus are more commonly asserted under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, failure to communicate to a credit bureau that a debt is disputed may subject debt collectors to an action under the FDCPA.  *See Acosta v. Campbell*, No. 6:04CV761ORL28DAB, 2006 WL 146208, at *13–14 (M.D. Fla. Jan. 18, 2006) (citing *In re Creditrust Corp.,* 283 B.R. 826, 832 (Bankr. D. Md. 2002); *Ryan v. Wexler & Wexler,* 113 F.3d 91, 92 (7th Cir. 1997); *Semper v. JBC Legal Group,* 2005 WL 2172377, *3 (W.D. Wash. Sept. 6, 2005)).

The Court also finds that Towles is able to satisfy the final element—that EASC engaged in an act or omission prohibited by the FDCPA. Towles brings his FDCPA claim against EASC based on § 1692e(2)(A) and § 1692e(8) of the FDCPA. These sections of the Act provide:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>> (2)  The false representation of . . . (A) the character, amount, or legal status of any debt; . . .
>>
>> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to

be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. §§ 1692e(2)(A), (8).

The Complaint alleges that EASC falsely reported and continued to report to TransUnion that Towles disputed a consumer debt owed to WOW Cable even after Towles had informed EASC that he no longer disputed the debt.  Towles further alleges that this continued reporting constituted a false representation concerning the character and legal status of the debt, and accordingly, that EASC has communicated and continued to communicate to TransUnion information that it knows to be false. Due to EASC's failure to plead or otherwise contest these allegations, these allegations are assumed as true.  Thus, EASC's alleged false statements about Towles's debt violated Section 1692e.

For these reasons, the Court concludes that Towles's Motion for Default Judgment is due to be granted on Towles's FDCPA claim against EASC.

**D.  Damages, Costs, and Attorney's Fees**

As a result of EASC's illegal acts, Towles seeks actual damages in the amount of $5,000, statutory damages in the amount of $1,000.00, costs, and attorney's fees in the amount of $10,530 pursuant to 15 U.S.C. § 1692k.

A court considering a party's application for default judgment may conduct an evidentiary hearing if "it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D)

investigate any other matter." Fed. R. Civ. P. 55(b)(2).  If an evidentiary hearing or other proceedings are necessary in order to determine what the judgment should provide, such as the amount of damages that the defaulting defendant must pay, those proceedings must be conducted before the judgment is entered.  *S.E.C. v. Smyth*, 420 F.3d 1225, 1231–32 (11th Cir. 2005) (citing *Lowe v. McGraw–Hill Cos.,* 361 F.3d 335, 339–40 (7th Cir. 2004)).  However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages.  *Id.* at 1232 n.13 (finding that "hearings are required in all but 'limited circumstances' ... [such] as when the district court already has a wealth of evidence from the party requesting a hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages").

The Court has before it two declarations from Towles, several credit reports, and correspondence sent to EASC on behalf of Towles.  The Court finds that an evidentiary hearing is unnecessary as there is sufficient evidence to support an award of damages.

### i.  Actual Damages

Under the FDCPA, a plaintiff may recover "any actual damage" sustained as a result of a violation of the statute. 15 U.S.C. § 1692k(a)(1).  Towles requests $5,000 in actual damages for injury caused by EASC's failure to comply with its statutory duties.  Specifically, Towles states that, because of EASC's actions, he has suffered

stress, embarrassment, humiliation, frustration, loss of sleep, and loss of weight.  He also claims to have seen a therapist because of the stress and that he has been unable to buy a house. Such damages may be recoverable as actual damages for violations of the FDCPA. *See Minnifield v. Johnson & Freedman*, *LLC*, 448 F. App'x 914, 916 (11th Cir. 2011); *Carrigan v. Cent. Adjustment Bureau, Inc*., 502 F. Supp. 468, 470–71 (N.D. Ga. 1980) (concluding that defendant in FDCPA suit could be liable for plaintiff's emotional distress and anguish).

While Towles's claimed actual damages are somewhat vague, nonspecific, and lack documentary support, the Court concludes that Towles has provided enough detail to show that an award of actual damages is appropriate.  The Court determines that damages in the amount of $3,500 are appropriate as a result of EASC's FDCPA violation.

### ii. Statutory Damages

The FDCPA allows statutory damages beyond actual damages in an amount not to exceed $1,000.  15 U.S.C. §1692k(a)(2)(A). Statutory damages are limited to $1,000 per action, as opposed to per violation, improper communication, or alleged debt. *Harper v. Better Bus. Servs., Inc*., 961 F.2d 1561, 1563 (11th Cir. 1992). Factors to be considered in determining the amount of statutory damages include "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."

15 U.S.C. §1692k(b)(1).

In the present case, Towles seeks statutory damages based on EACS's FDCPA violations arising from EASC's erroneous reporting to TransUnion that Towles disputed a consumer debt. According to Towles, he notified EASC via letter that it was inaccurately reporting the consumer debt as disputed, but that EASC continued to report the debt as disputed. The Complaint does not allege that EASC made any harassing or threatening phone calls or sent Towles any correspondence demanding payment on the debt, and there is no allegation or evidence that EASC's erroneous reports to TransUnion lasted for an extended period or that it actually caused Towles quantifiable financial harm. Given the relative infrequency and short duration of EASC's noncompliance, as well as the lack of egregious conduct, the Court finds that an award of maximum statutory damages is not warranted. Based on Towles's alleged facts, the Court concludes that an award of $500 in statutory damages is appropriate.

### iii. Attorney's Fees

Towles seeks attorney's fees of $10,530. "The FDCPA authorizes an award to any successful plaintiff of the costs of the action and a 'reasonable attorney's fee as determined by the court.'" *Moton v. Nathan & Nathan, P.C.*, 297 F. App'x 930, 931 (11th Cir. 2008) (quoting 15 U.S.C. § 1692k(a)(3)). "[T]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours

reasonably expended on the litigation times a reasonable hourly rate." *Hollis v. Roberts*, 984 F.2d 1159, 1161 (11th Cir. 1993) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).   The party applying for attorney's fees is responsible for submitting satisfactory evidence to establish that the requested rate accords with the prevailing market rate and that the hours expended are reasonable. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (addressing attorney's fees in civil rights case); *see also Hollis*, 984 F.2d at 1161 (finding principles of the civil rights fee-shifting statute to be equally applicable to Section 1692k(a)(3) of the FDCPA).

To meet the burden of proving a reasonable hourly rate, a movant may provide evidence of rates charged under similar circumstances or provide opinion evidence of reasonable rates. *Duckworth*, 97 F.3d at 1396.   Regarding whether the hours expended were reasonable, a party should exclude "those hours that would be unreasonable to bill a client or opposing counsel without reference to skill, reputation, or experience," and the court should deduct "unnecessary or redundant hours" and hours spent on "discrete and unsuccessful claims" from the calculations. *Id*. at 1397.   "Courts are considered experts on the reasonableness of the number of hours expended and the hourly rates requested." *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1090 (11th Cir. 2022).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills,

experience, and reputation." *Norman v. Hous. Auth. Of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  The relevant legal community is "the place where the case is filed." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quotations and citation omitted).  "While the particular expertise, experience, and prestige of the attorneys may be considered, the fees are constrained by the prevailing market rates." *Ingraham v. Cap. Link Mgmt. LLC*, No. 22-CV-22691, 2022 WL 14813740, at *3 (S.D. Fla. Oct. 25, 2022).  The fee applicant bears the burden of demonstrating that the rates charged are reasonable in the relevant legal community. *Norman*, 836 F.2d at 1299.

Plaintiff's counsel has submitted a declaration in which he claims a rate of $450 per hour and a detailed summary of his office's hours expended on this matter. The Court notes that Plaintiff's counsel also included the hours expended by another attorney at his office for which he claims an hourly rate of $450 per hour, paralegal time at $160 per hour, and administrative staff time at $140 per hour.  As to his administrative staff, the Court notes that the time billed by his administrative staff was primarily of a clerical nature and therefore is not recoverable. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) ("[W]ork that is clerical or secretarial in nature is not separately recoverable.").

As to counsel's claimed rate of $450 per hour, the Court finds this excessive given what the Court knows of the prevailing rate in this area and given that Plaintiff's counsel has presented no supporting affidavits or rate information from area attorneys.  *See Norman*, 836 F.2d at 1303.  This Court takes note that courts in the Middle District of Alabama routinely set prevailing market rates at $350 per hour for similar legal services.  As such, the Court finds the applicable rate to be $350 for Plaintiffs' counsel.  However, the Court also finds that Plaintiff's counsel's paralegal rate of $160 per hour to be reasonable and within the prevailing market rate.

The Court next proceeds to review counsel's log of itemized billing.  Courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."  *Barnes*, 168 F.3d at 428.  When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut."  *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon, Inc.*, 2013 WL 6238647, at *16–17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies).  Although courts may apply either method, they cannot apply both.  *Bivins*, 548 F.3d at 1351.  Finally, courts need not become "green-eyeshade accountants."  *Fox v. Vice*, 563 U.S. 826, 837 (2011).  Instead, the essential goal for the court is to "do rough justice, not to

achieve auditing perfection." *Id.*

Generally, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (quotations, citations, and alteration omitted). Importantly, "[i]f fee applicants do not exercise billing judgment, courts are obligated to do it for them." *Barnes*, 168 F.3d at 428. The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action. *Id.* at 427. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F.2d at 1301.

The Court has reviewed counsel's billing records. Towles requests an award for a total of 12.8 hours expended by counsel and 28.15 hours by paralegals, all over the course of at least 174 entries. Although EASC has failed to object to the Motion, the Court must nonetheless ensure that counsel has exercised billing judgment in the request for fees. The Court finds that the claimed amount of time is excessive given this simple, uncontested case which involved very little legal work other than communicating with the client, drafting the summons and complaint, drafting a

motion for default judgment, supplementing that motion, and viewing orders from this Court.  The Court notes that the fee log is replete with vague entries such as "file review," "redrafting," "research," "email," "administrative," "internal staff communications," interoffice file, or status updates.

Therefore, after a review of the record, the Court finds that the hours billed require adjustment.   Rather than conducting an hour-by-hour analysis of the remainder of counsel's (including the paralegal's) time entries, the Court concludes an across-the-board 25% reduction to the total hours for attorney's time and 50% reduction for paralegal time incurred is warranted to discount for excessive time incurred for certain tasks and deduct for clerical tasks.  *See, e.g., Shipping & Transit, LLC v. 1A Auto, Inc*., 283 F. Supp. 3d 1290, 1306 (S.D. Fla. 2017) (adopting recommendation for a 15% reduction in fees based on billing inefficiencies); *Ovalle v. Perez*, 2017 WL 7792719, at \*4 (S.D. Fla. Nov. 9, 2017) (recommending a 10% reduction for use of block billing, redacted time entries, and redundancy in efforts); *SE Property Holdings, LLC v. Green*, 2013 WL 790902, \*6 (S.D. Ala. Mar. 1, 2013) (implementing 15% across-the-board cut in attorney's fees to account for the billing of clerical tasks and potentially excessive billings for interoffice conferences, among other issues); *Faulk v. Volunteers of Am., N. Alabama, Inc.*, No. 3:08-CV-0591-SLB, 2010 WL 11530613, at \*2 (N.D. Ala. Sept. 29, 2010) (granting

35% across-the-board cut in attorney's fee award to account for billing redundancies).

Thus, counsel should be compensated for 9.6 total hours (75% of 12.8 hours) at $350 per hour and their paralegals for 14.08 hours (50% of 28.15 hours) for $160 per hour, for a total attorney's fee of $5,612.80.

### iv. Costs

Finally, Towles seeks costs, but he fails to provide the Court with documentation or evidence of that figure. The Court has reviewed the file and notes that Towles paid a filing fee of $402.00 to initiate this lawsuit. Filing fees are recoverable costs under the FDCPA. *See Ambroise v. Am. Credit Adjusters, LLC*, No. 15-22444-CIV, 2016 WL 6080454, at *6 (S.D. Fla. Mar. 22, 2016) (concluding that filing fees are recoverable costs under 28 U.S.C. § 1920 (governing the taxation of costs by any U.S. federal judge)). The Court finds this cost to be reasonable and awards that amount to Towles.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff Willie Towles's Motion for Default Judgment is due to be **GRANTED** and that judgment be entered against Defendant in the total amount of $10,014.80. A separate judgment will issue.

**DONE**, on this the 12th day of January, 2023.

_____/s/ R. Austin Huffaker, Jr._____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE